IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ERWIN ARTHUR WILHELM KUDOBA, JR., #A1042165, | ) ) ) | CIV. NO. 12-00164 LEK/BMK |
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE GRANTED TO AMEND |
| vs. | ) ) | |
| SCOTT HARRINGTON, DAVID SAYURIN, IRENE REVILLA, DWAYNE KOJIMA, | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DISMISSING COMPLAINT WITH LEAVE GRANTED TO AMEND**

Before the court is *pro se* Plaintiff Erwin Kudoba Jr.'s prisoner civil rights complaint.[1] Although Plaintiff is now incarcerated at the Halawa Correctional Facility ("HCF"), he complains of actions that occurred while he was housed at the Waiawa Correctional Facility ("WCF"). Plaintiff names WCF Warden Scott Harrington, Lieutenant David Sayurin, Head Nurse Irene Revilla, and Substance Abuse Counselor Dwayne Kojima (collectively, "Defendants"), in their individual and official capacities. Plaintiff claims that Defendants violated his constitutional rights to due process.

The Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), for failure to state a claim. Plaintiff is granted leave to amend, as discussed below.

---

[1] Plaintiff is proceeding *in forma pauperis*. *See* ECF #4.

## I. **STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint in full or in part if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 1951.

     The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true and in the light most favorable to the plaintiff.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his or her complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II.  **PLAINTIFF'S CLAIMS**

     Plaintiff states that Defendants Sayurin, Kojima, and Revilla, who comprised the adjustment committee during his disciplinary proceedings at WCF on an unspecified date, denied him the right to call witnesses at the hearing.  Plaintiff

provides no further details concerning these disciplinary proceedings, such as what the charges against him were, when the incident occurred, when the hearing took place, or the form of punishment he received. Plaintiff says he grieved the misconduct charges, and Defendant Harrington upheld the adjustment committee's decision and denied his grievance. Plaintiff seeks an investigation and a new hearing.

### III.  DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.  Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redev. Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984). "All that is

required [by Fed. R. Civ. P. 8(a)] is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996) (quoting *Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 870 (9th Cir. 1991)).

"A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). A person deprives another of a constitutional right under § 1983, when he or she "'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The "requisite causal connection may be established" not only by some kind of direct personal participation in the deprivation, but also by setting in motion "a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* (citing *Johnson*, 588 F.2d at 743–44).

Plaintiff's claims fail to plainly and succinctly allege how Defendants are responsible for violating his right to due process. Plaintiff's generalized claims fail to set forth

sufficient, specific factual allegations linking each named Defendant to an action that violated Plaintiff's constitutional rights.  Plaintiff simply concludes that, because Sayurin, Kojima, and Revilla denied him witnesses during an adjustment committee hearing, and Harrington denied his grievance, they violated his rights to due process.  Plaintiff gives no details explaining when or why he was charged, why Defendants denied his witnesses, or most importantly, how the punishment he received impacted a protected liberty interest, thus entitling him to procedural due process at his disciplinary hearing.

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that is all Plaintiff provides.  *See Iqbal*, 129 S. Ct. at 1949.  Plaintiff's failure to provide any facts or supporting details does not allow the court to infer that Defendants violated his constitutional right to due process.  *See Twombly*, 550 U.S. at 570.  Plaintiff's Complaint fails to state a claim for relief and is DISMISSED with leave granted to amend, as further analyzed and limited below.

**B.   Eleventh Amendment Immunity**

Plaintiff names Defendants in their official and individual capacities.  In *Will v. Michigan Department of State Police*, 491 U.S. 58, 64-66 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits

under 42 U.S.C. § 1983.  Further, the Eleventh Amendment prohibits federal jurisdiction over suits against the state or a state agency unless the state or agency consents to the suit. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53 (1996); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Quern v. Jordan*, 440 U.S. 332, 342 (1979).  State officers acting in their official capacities receive the same immunity as the government agency that employs them.  *Hafer v. Melo*, 502 U.S. 21 (1991).

Thus, the Eleventh Amendment bars Plaintiff's damages claims against Defendants in their official capacities.  *See Doe v. Lawrence Livermore Natl. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1996); *Pena v. Gardner*, 976 F.2d 469, 472 (1992).  Defendants in their official capacities are DISMISSED with prejudice.

**C.    Due Process**

Plaintiff alleges that Sayurin, Kojima, and Revilla violated his right to due process when they refused to allow him to call witnesses at his disciplinary hearing.  He alleges Harrington violated his rights when Harrington upheld the decision by denying Plaintiff's grievance.

**1.    The Disciplinary Hearings**

The Due Process Clause protects prisoners from the deprivation of liberty without due process of law.  *Wolff v.*

*McDonnell*, 418 U.S. 539, 556 (1974).  To state a due process claim, a plaintiff must first establish the existence of a liberty interest.  Liberty interests may arise from the Due Process Clause itself or from state law.  *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983).  Inmates' liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).  "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and does not otherwise violate the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."  *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

   Thus, a prisoner may challenge a disciplinary action that (1) deprives or restrains a liberty interest in some "unexpected manner," directly under the Due Process Clause, or (2) "imposes some 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Sandin*, 515 U.S. at 483–84)).

While not explicit in the Complaint, it is possible that Plaintiff was transferred from WCF to HCF because of the disciplinary charges, and bases his due process claims on this transfer. Plaintiff has no protected liberty interest in freedom from transfer between prisons, however, even if this transfer meant that Plaintiff was removed from a WCF work furlough program. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1094-95 (9th Cir. 1986) (holding that, under the pre-*Sandin* mandatory language framework, inmates have no constitutional right to participate in prison work programs); *Baumann v. Arizona Dep't of Corr.*, 754 F.2d 841, 846 (9th Cir. 1985); *cf., Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989) (no liberty interest based on a transfer from work release center back to prison). Nor does Plaintiff have a right to early release, something that he may have been working toward at WCF. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7-11 (1979); *see also Neal v. Shimoda*, 905 F. Supp. 813, 818 (D. Haw. 1995), *aff'd in part rev'd in part*, 131 F.3d 818 (9th Cir. 1997) (no state created liberty interest in Hawaii to early release). Plaintiff fails to state a claim under the Due Process Clause itself.

Turning to whether Plaintiff is entitled to due process protections based on a state-created liberty interest, Plaintiff provides no facts suggesting that the punishment imposed after his disciplinary hearing resulted in atypical or significant

hardship to him in comparison to the normal incidents of prison life at WCF.  Plaintiff provides no facts indicating the type, degree, and longevity of the punishment he received, or how that punishment compares to confinement in the general population or administrative segregation at WCF.  Plaintiff does not say that he received a term of disciplinary segregation, but typically, placement in segregated housing does not implicate a protected liberty interest.  *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003); *Hewitt*, 459 U.S. at 466-68 (holding that the Due Process Clause does not confer a liberty interest in being confined in the general prison population).  This is because placement in segregation falls within the terms of confinement ordinarily contemplated when a prison sentence is imposed, and so normally "comport[s] with the prison's discretionary authority." *Toussaint*, 801 at 1091-92.

Plaintiff provides no facts that support a finding of atypical or significant hardship and therefore fails to state a claim for the deprivation of due process under state law relating to his disciplinary hearing.

### 2. Grievance Procedures

Plaintiff suggests that Harrington denied him due process when he upheld the adjustment committee's findings and denied his grievance.  Harrington's handling of Plaintiff's grievance is an insufficient basis on which to state a due

process claim. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the [underlying] violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (holding that only persons who cause or participate in civil rights violations can be held responsible); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prison officials whose only roles involved the denial of the prisoner's administrative grievances cannot be held liable under § 1983); *Wright v. Shapirshteyn*, No. CV 1-06-0927-MHM, 2009 WL 361951, *3 (E.D. Cal. Feb. 12, 2009) (noting that "where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983"); *Velasquez v. Barrios*, No. 07cv1130-LAB (CAB), 2008 WL 4078766, *11 (S.D. Cal. Aug. 29, 2008) ("An official's involvement in reviewing a prisoner's grievances is an insufficient basis for relief through a civil rights action."). Accordingly, Plaintiff's allegations are insufficient to state a claim against Harrington.

### IV.   LEAVE TO AMEND

The Complaint is DISMISSED for failure to state a claim as discussed above. Plaintiff may file a proposed amended complaint on or before **May 2, 2012**. The proposed amended

complaint must cure the deficiencies noted above and demonstrate how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.

The court will not refer to the original pleading to make any amended complaint complete. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named and claims not realleged in an amended complaint are deemed waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). In an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

### V.   28 U.S.C. § 1915(g)

If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.   CONCLUSION

IT IS HEREBY ORDERED that:

(1)   The Complaint is DISMISSED for failure to state a claim, as discussed above.  *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).  Specifically, Defendants in their official capacities are DISMISSED with prejudice.  All other claims are DISMISSED without prejudice.

(2)   Plaintiff is GRANTED leave to file a proposed amended complaint curing the deficiencies noted above on or before **May 2, 2012**.  Failure to timely amend the Complaint and cure its pleading deficiencies will result in **AUTOMATIC DISMISSAL** of this action for failure to state a claim, and may be counted as strike pursuant to 28 U.S.C. § 1915(g).

(3)   The Clerk of Court is directed to mail a form prisoner civil rights complaint to Plaintiff so that he may comply with the directions in this Order.

IT IS SO ORDERED.

//

DATED: Honolulu, Hawaii, April 2, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

Kudoba v. Harrington, et al., 1:12-00164 LEK-BMK; Order Dismissing Complaint With Leave Granted to Amend; psa/Screening/dmp/2012/Kudoba 12-164 lek (dsm ftsc, R8, due proc. lvamd)