IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ERWIN ARTHUR WILHELM KUDOBA, JR., #A1042165, | ) ) ) | CIV. NO. 12-00164 LEK/BMK |
| Plaintiff, | ) ) ) | ORDER DISMISSING FIRST AMENDED COMPLAINT |
| vs. | ) ) | |
| DAVID SAYURIN, IRENE REVILLA, DWAYNE KOJIMA, TUI FAATEA, | ) ) ) ) | |
| Defendants. | ) ) | |

## **ORDER DISMISSING FIRST AMENDED COMPLAINT**

Before the court is *pro se* Plaintiff Erwin Kudoba Jr.'s first amended prisoner civil rights complaint ("FAC"). Plaintiff complains of events that allegedly occurred at the Waiawa Correctional Facility ("WCF"). Plaintiff names WCF Lieutenant David Sayurin, Head Nurse Irene Revilla, Substance Abuse Counselor Dwayne Kojima, and Adult Correctional Officer ("ACO") Tui Faatea as defendants in their individual and official capacities (collectively, "Defendants").

For the following reasons, the FAC is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), for failure to state a claim. Because Plaintiff can possibly cure the deficiencies in the FAC, he is again granted leave to amend.

### **I. STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress

from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint in full or in part if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true and in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his or her complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II. **PLAINTIFF'S CLAIMS**

Plaintiff claims that, because he reported that WCF ACO Macalino had "stolen" empty cans that the inmates collected, Macalino's partner, Defendant Faatea, threatened Plaintiff and his family. Plaintiff says that he feared for his life, and to secure a transfer to the Halawa Correctional Facility ("HCF"), he pretended to hang himself. While Plaintiff was feigning unconsciousness, Plaintiff claims that Defendants Faatea and ACO

3

Marco Valencia planted a weapon or unauthorized instrument under his mattress.

Plaintiff was charged with three misconduct violations on November 30, 2011: (1) possession of a weapon or dangerous instrument; (2) possession of an unauthorized tool; and (3) malingering or feigning illness. Defendants Sayurin, Kojima, and Revilla comprised the adjustment hearing committee. Plaintiff claims that they denied him the right to call witnesses at the hearing.

Plaintiff seeks injunctive relief only in the form of a reprimand to all Defendants and reinstatement to a minimum custody facility and participation in a work furlough program or immediate early release.[1]

### III. **DISCUSSION**

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S.

---

[1] The Hawaii Statewide Automated Victim Information and Notification service ("SAVIN"), database reveals that Plaintiff has been transferred from HCF to Oahu Community Correctional Center ("OCCC"), a minimum custody jail facility. *See* https://www.vinelink.com.

Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.   Due Process**

Plaintiff alleges that Sayurin, Kojima, and Revilla violated his right to due process when they refused to allow him to call witnesses at his disciplinary hearing.

The Due Process Clause protects prisoners from the deprivation of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a due process claim, a plaintiff must first establish the existence of a liberty interest. Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983). Inmates' liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and does not otherwise violate the Constitution, the Due Process Clause does not in itself subject an inmate's treatment

5

by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

Thus, a prisoner may challenge a disciplinary action that (1) deprives or restrains a liberty interest in some "unexpected manner," directly under the Due Process Clause, or (2) "imposes some 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Sandin*, 515 U.S. at 483–84)).

First, Plaintiff has no protected liberty interest in freedom from transfer between prisons, even if his transfer from WCF to HCF meant that Plaintiff was removed from the WCF work furlough program. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1094–95 (9th Cir. 1986) (holding that, under the pre-*Sandin* mandatory language framework, inmates have no constitutional right to participate in prison work programs); *Baumann v. Arizona Dep't of Corr.*, 754 F.2d 841, 846 (9th Cir. 1985); *cf., Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989) (no liberty interest based on a transfer from work release center back to prison). Nor does Plaintiff have a right to early release, the relief he seeks and something that he may have been working toward at WCF. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7-11 (1979); *see also Neal v. Shimoda*, 905 F. Supp. 813, 818 (D. Haw. 1995), *aff'd in part rev'd in part*,

131 F.3d 818 (9th Cir. 1997) (no state created liberty interest in Hawaii to early release). Plaintiff fails to state a claim under the Due Process Clause itself.

Second, Plaintiff still provides no facts suggesting that his transfer to HCF, something that he admits he sought by feigning a suicide attempt, or his thirty-day sanction at WCF imposed atypical or significant hardship comparison to the normal incidents of prison life at WCF. Plaintiff provides no facts indicating how his confinement at HCF or thirty-day sanction, compares to confinement in the general population or administrative segregation at WCF. In short, Plaintiff provides no facts that support a finding of atypical or significant hardship and he therefore fails to state a claim for the deprivation of due process under state law relating to his disciplinary hearing.

**B.  Eighth Amendment Claim**

Plaintiff claims that Defendant Faatea's alleged threats against him violated the Eighth Amendment. Allegations of mere threats are not cognizable under § 1983, however. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

**C.   Retaliation Claim Against Valencia and Claims for Injunctive Relief**

Plaintiff also claims that ACO Marco Valencia violated the Eighth Amendment by planting the weapon under his mattress in retaliation for Plaintiff's filing a report against ACO Macalino. Plaintiff does not name Valencia in the FAC's caption, but only within the body of his pleading.

A prisoner must set forth five essential elements to state a viable claim for retaliation.  See *Rhodes v. Robinson*, 408 F.3d 559, 566 (9th Cir. 2005).

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

408 F.3d at 567-68.  *See also Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (applying *Rhode*s test); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (*per curiam*).

Plaintiff adequately states a retaliation claim against Valencia.  Plaintiff must, however, name all Defendants in the caption of a pleading.  *See* Fed. R. Civ. P. 10(a); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (affirming dismissal of pro se civil-rights plaintiff's complaint as sanction for plaintiff's failure to amend it to replace "*et al.*," in caption's list of defendants, with actual names of all additional defendants).  Even a *pro se* prisoner's complaint must

comply with Fed. R. Civ. P. 10(a) and include the names of all parties in the in title of the action. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005).

Moreover, Plaintiff seeks only injunctive relief, in fact, relief that it appears he has already received, transfer to a minimum custody facility. Plaintiff's remaining claim against WCF ACO Valencia for injunctive relief was mooted when he transferred from WCF to HCF, and now, to OCCC. *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) (explaining that "when a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility"). Plaintiff fails to demonstrate a reasonable expectation of being transferred back to WCF, particularly in light of his recent transfer to OCCC and his statements that he will be finish his maximum term in approximately one month. Thus, Plaintiff's case does not satisfy the "capable of repetition yet evading review" exception to the mootness doctrine. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (*per curiam*). Plaintiff could, however, amend his pleadings to properly name ACO Valencia and add a claim for damages against him. That is not to say that Plaintiff will be successful on this claim, only that he may be able to adequately state a claim against Valencia.

//

//

## IV. LEAVE TO AMEND

Plaintiff may file a proposed second amended complaint on or before **August 8, 2012**, that properly names Valencia and adds a damages claim against him. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named and claims not realleged in an amended complaint are deemed waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). In an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

## V. 28 U.S.C. § 1915(g)

If Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. CONCLUSION

(1) The First Amended Complaint is DISMISSED for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

(2) Plaintiff is GRANTED leave to file a proposed second amended complaint curing the deficiencies noted above on or before **August 8, 2012**. Failure to timely amend and cure the noted pleading deficiencies will result in **AUTOMATIC DISMISSAL** of this action for failure to state a claim, and may be counted as strike pursuant to 28 U.S.C. § 1915(g).

(3) The Clerk of Court is directed to mail a form prisoner civil rights complaint to Plaintiff so that he may comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 11, 2012.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Kudoba v. Harrington, et al.*, 1:12-00164 LEK-BMK; Order Dismissing First Amended Complaint; psa/Screening/dmp/2012/Kudoba 12-164 lek (FAC)